IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOLOMON MARCELLUS MILLER, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 18-CV-3044 |
| : | |
| TODD BURT OF RELIANCE : | |
| FIRST CAPATIL, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**PRATTER, J.**                                                                                   **JULY 24, 2018**

        Plaintiff Solomon Marcellus Miller, proceeding *pro se*, brings this civil action against "Todd Burt of Reliance First Capatil," Rob Mahallati, Bank of America, and M&T Bank, raising claims regarding his mortgage contract. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Mr. Miller leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

**I.     FACTS**

        Mr. Miller asserts that between January 11 and 14, 2011, he decided that he "wanted to purchase a home." (Compl. at 4.)[1] He subsequently contacted a real estate company, Philadelphiahouse.com, and spoke to a broker named Rob Mahallati. (*Id.*) Mr. Mahallati connected Mr. Miller "with Reliance the mortgage company." (*Id.*) On January 12, 2011, Mr. Miller "received a correspondence from reliance first capital LLC loan number 306542 (Mortgage)." (*Id.*) He entered into a mortgage agreement with analyst Todd Burt on that date. (*Id.*)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

Mr. Miller claims that the "mortgage company and agent Mrs. Bonnie Lynn Mollus failed to disclose detailed information concerning [his] mortgage contract at the time of closing." (*Id.*)  He contends that certain pages of the contract "were not signed or notarized by any [of] the parties involved in this matter." (*Id.*)  Mr. Miller states that he knows "when it comes to real [e]state mortgage, the deed and title can't be apart and the documents [are recorded] tog[e]ther.  This information was not told to [him]." (*Id.*)  He alleges that because of this, "by law, [the] contract is voided." (*Id.*)

Mr. Miller "found out that [his] mortgage is now with Bank of America." (*Id.*)  When he went to pay the mortgage, he was told to go to M&T Bank.  (*Id.*)  He contends that he never had a written contract with M&T Bank and that his contract was assigned to M&T Bank in 2013 without his knowledge.  (*Id.*)  Mr. Miller claims that he was misled by all involved parties and that "this is FRAUD at the highest level." (*Id.*)

Mr. Miller suggests that the Defendants violated his rights under the Truth in Lending Act ("TILA) "and the Loan consumer protection Act also the home ownership, equity protection Act." (*Id.*)  He also asserts claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO").  (*Id.* at 2.)  Mr. Miller claims that he has suffered "[m]ental anguish causing [his blood pressure] to rise past [levels] that the prescribed medications are not working and emotional distress." (*Id.* at 5.)  As relief, he asks that the Court "[grant] the house to [him due] to fraud with the banks and all that were involved." (*Id.*)  He also requests $20 million in damages.  (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Mr. Miller leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action.  However, 28 U.S.C.

§ 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because Mr. Miller is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. TILA Claims

The TILA "requires lenders to make certain disclosures to borrowers and gives borrowers a civil cause of action against creditors who violate these disclosures." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3d Cir. 1998). Claims under the TILA must be brought within one (1) to three (3) years of the alleged violation. *See* 15 U.S.C. § 1640(e).

Here, Mr. Miller's Complaint suggests that he closed on his mortgage in 2011. Accordingly, the face of the Complaint suggests that Mr. Miller's TILA claims may be time-barred. The statute of limitations for TILA claims, however, "is not jurisdictional and is therefore subject to equitable tolling." *Ramadan*, 156 F.3d at 505. Nothing in Mr. Miller's

Complaint, however, plausibly suggests that the statute of limitations should be tolled due to any fraudulent concealment by the Defendants. *See Williams v. EMC Mortg. Corp.*, No. 12-1215, 2013 WL 1874952, at *4 (E.D. Pa. May 3, 2013) (noting that "equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights); or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum"). Therefore, while Mr. Miller's TILA claims are subject to dismissal at this time, he will be given leave to amend in the event that he can assert plausible allegations of fraudulent concealment. *See Gunn v. First Am. Fin. Corp.*, 549 F. App'x 79, 82 (3d Cir. 2013) (per curiam) (vacating dismissal of *pro se* plaintiff's TILA claims to allow him to amend to include fraudulent concealment allegations).[2]

### B. RICO Claims

As noted above, Mr. Miller contends that the Defendants' actions have violated RICO. The federal civil RICO statute provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter[, which prohibits racketeering activity,] may sue therefor in any appropriate United States district court . . . ." 18 U.S.C. § 1964(c). "[I]n construing the federal RICO law, [the Third] Circuit has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 492 (3d Cir. 2000)).

---

[2] In his Complaint, Mr. Miller also vaguely refers to violations of "the Loan consumer protection Act also the home ownership, equity protection Act." (Compl. at 4.) It appears that Mr. Miller is referring to the Home Equity Loan Consumer Protection Act and the Home Ownership and Equity Protection Act. Both of these Acts amended the TILA and therefore are "governed by the same remedial scheme and statute of limitations." *Harris v. EMC Mortg. Corp.*, No. 01-4868, 2002 WL 32348324, at *2 (E.D. Pa. Apr. 10, 2002). Thus, from the face of Mr. Miller's Complaint, any claims raised pursuant to these Acts appear untimely as well.

Furthermore, RICO does not provide a cause of action where the damages alleged are "speculative." *Maio v. Aetna, Inc.*, 221 F.3d 472, 495 (3d Cir. 2000) (speculative damages that were "predicated exclusively on the *possibility* that future events might occur" could not form the basis of a RICO injury).

Nothing in the Complaint provides a plausible basis for concluding that Mr. Miller suffered a non-speculative injury to business or property that would give him standing to raise a RICO claim. Mr. Miller's mental and emotional distress are not injuries to "business or property" for purposes of RICO. *Clark v. Conahan*, 737 F. Supp. 2d 239, 255 (M.D. Pa. 2010) (observing that "[m]ental distress, emotional distress, and harmed reputations do not constitute injury to business or property sufficient to confer standing on a RICO plaintiff" and explaining that "injury for RICO purposes requires proof of concrete financial loss, not mere injury to an intangible property interest"). Moreover, Mr. Miller's failure to allege an injury to business or property is also fatal to any RICO conspiracy claims he may be raising. *Magnum v. Archdiocese of Phila.*, 253 F. App'x 224, 229 (3d Cir. 2007) ("A plaintiff alleging a civil RICO violation under *either* § 1962(c) or (d) must plead a cognizable injury to 'business or property' under § 1964(c)."). Thus, Mr. Miller's RICO claims will be dismissed.

### C. State Law Claims

If Mr. Miller is attempting to assert state law tort claims against the Defendants, it does not appear that the Court has diversity jurisdiction over such claims. Under 28 U.S.C. § 1332, a district court can exercise subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all

plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, it appears from the Complaint that Mr. Mahallati is a resident of Pennsylvania, as is Mr. Miller himself. Given this, the citizenship of the participants in the dispute fails to establish the complete diversity required in order for the Court to exercise jurisdiction under § 1332(a).

While Mr. Miller certainly appears to be upset about the situation he describes, the Court cannot discern any plausible claims for relief against any of the Defendants from the way in which he has pled his Complaint. In deference to Mr. Miller's *pro se* status, the Court will give him leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order in the event that he can state a plausible claim that lies within this Court's jurisdiction. Any amended complaint shall be a complete document that identifies all of the defendants in the caption in addition to the body of the pleading, and shall describe in detail the basis for Mr. Miller's claims against each defendant. If Mr. Miller fails to file an amended complaint within the permitted time period, his case may be dismissed without prejudice for failure to prosecute without further notice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Miller leave to proceed *in forma pauperis* and dismiss his Complaint. This dismissal will be without prejudice to Mr. Miller's right to file an amended complaint within thirty (30) days of the date of this ruling in the event

that he can cure the defects noted above.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

S/Gene E.K. Pratter
**GENE E.K. PRATTER, J.**